IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Antonio Emerson Tate,<br><br>               Petitioner,<br><br>v.<br><br>William Langdon, III, Warden of Allendale Correctional Institution,<br><br>               Respondent. | C/A No.: 1:24-cv-771-SAL<br><br><br>**AMENDED ORDER** |

      Antonio Emerson Tate filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 on February 14, 2024. The matter is now before the court on the report and recommendation of United States Magistrate Judge Shiva V. Hodges, ECF No. 20, which recommends granting Respondent's motion for summary judgment, ECF No. 10, and dismissing the petition with prejudice. Petitioner filed objections to the report on October 23, 2024, ECF No. 23,[1] and Respondent replied. ECF No. 24. This matter is accordingly ripe for review.

## BACKGROUND

      Without objection, the magistrate judge's recitation of the factual and procedural history of this case is incorporated herein. In sum, Petitioner was indicted, along with eight codefendants, in a methamphetamine trafficking conspiracy in violation of S.C. Code Ann. § 44-53-375(c)(5). *See* ECF No. 9-2 at 247. Specifically, the indictment alleged that Petitioner, between 2009 and 2011, "conspire[d] to sell, manufacture, deliver, purchase, or bring into this State, four hundred (400) grams or more of methamphetamine ("ice" or "crank"), a controlled substance under

---

[1] Petitioner filed a separate motion seeking to certify a question to the South Carolina Supreme Court, ECF No. 27, and he also made the same request in his objections.

1

provisions of [S.C. Code Ann.] § 44-53-110, *et seq.*" ECF No. 9-2 at 248. Petitioner was convicted after a jury trial in the Greenville County Court of General Sessions, and he received the mandatory minimum sentence of twenty-five years. *See* ECF No. 9-2 at 245.

As relevant to the objections before the court, Petitioner asserts the following grounds for relief in his petition:

**Ground One**: By limiting cross-examination of potential mandatory minimum sentences, Petitioner was denied his right to Confrontation under the Sixth Amendment of the United States Constitution. At trial, Petitioner was not allowed to cross-examine . . . his co-defendant concerning the mandatory minimum charges that they were able to avoid by cooperating with the state and pleading guilty to lesser charges.

**Ground Two**: Petitioner was denied his Sixth Amendment right to effective assistance of counsel when counsel conceded not to cross-examine witnesses concerning potential mandatory minimum sentences. Although the South Carolina Court of Appeals addressed a similar matter in Ground I of this petition, indicating that the matter had been preserved for appellate review, Petitioner maintains that he was denied the right to effective assistance of counsel based on trial counsel's acquiescence to the prosecution's request not to cross-examine witnesses concerning mandatory minimum sentences.

**Ground Four**: Petitioner's Sixth Amendment right to effective assistance of counsel was violated when his attorney failed to object to his sentence which exceeded the maximum sentence for conspiracy. Petitioner was sentenced to 25 years for conspiracy. Petitioner should have been sentenced to a maximum of 12.5 years pursuant to S.C. Code Ann. § 44-53-420. Instead Petitioner was sentenced to 25 years under S.C. Code Ann. § 44-53-375(C)(5). Trial counsel failed to properly object to this sentence.

Addressing Grounds One and Two together (to the extent Ground Two is not defaulted), the report concludes that Petitioner's Confrontation Clause and effective assistance grounds fail. In making her recommendation on these arguments, the magistrate judge distinguishes *Burbank v. Cain*, 535 F.3d 350, 358–59 (5th Cir. 2008), in which the Fifth Circuit affirmed habeas relief where a similar limitation was placed on cross-examination of a *sole* witness linking the petitioner to a double murder. The magistrate judge noted there were eleven witnesses linking Petitioner to the

conspiracy here, only seven of whom were subject to a limitation on cross-examination. Accordingly, the report concludes any error was harmless because of the numerous testifying codefendants—who were nevertheless subject to impeachment regarding their bias. As to Ground Four, the report concludes that twenty-five years is the applicable mandatory minimum sentence for conspiring to traffic in methamphetamine under S.C. Code Ann. § 44-53-375(C)(5).

In objecting to the report, Petitioner submits that there is no "meaningful distinction" between his case and *Burbank v. Cain* for purposes of Grounds One and Two. ECF No. 23 at 2. As to Ground Four, Petitioner maintains that S.C. Code Ann. § 44-53-420 modifies the sentencing scheme that is otherwise clearly set forth in § 44-53-375, and he requests that this issue be resolved by certifying a question to the South Carolina Supreme Court.

## LEGAL STANDARDS

The applicable standards for habeas relief are properly set forth in the report, and the court incorporates those standards herein.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is

no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Nevertheless, a party must do more than state, "I object." *Id.*

## DISCUSSION

### I.     Ground One and Ground Two

The court concludes, upon review of Petitioner's Confrontation Clause and effective assistance arguments relating to the trial court's limitation on cross-examination, that the magistrate judge properly distinguished *Burbank v. Cain*, 535 F.3d 350, 358–59 (5th Cir. 2008) when analyzing whether Petitioner has established entitlement to habeas relief.

As the report notes, trial error only warrants habeas relief to the extent "actual prejudice" results. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). In evaluating "actual prejudice," the question is whether the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Id.* (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). Only in the "unusual" situation in which a district court has "grave doubt" about the effect of error on the jury's verdict must the court grant a writ of habeas corpus. *Bauberger v. Haynes*, 632 F.3d 100, 104 (4th Cir. 2011) (quoting *O'Neal v. McAninch*, 513 U.S. 432, 435 (1995)).

As to the objection, Petitioner claims there is no meaningful distinction between his case and *Burbank*, where the Fifth Circuit granted relief. He is only correct insofar as the nature of the error is concerned—both involve a similar cross-examination limitation regarding cooperating

4

witness' maximum sentence. While the error may be of the same kind, however, the inquiry turns on the *degree* to which that error was likely to have resulted in actual prejudice under *Brecht*. This is the point at which *Burbank* loses its value to Petitioner. In *Burbank*, there was *one* eyewitness whom the state called to prove the petitioner's identity: "the sole material witness able to connect [Burbank] to the crime . . . ." 535 F.3d at 357. The state's double murder case hinged on that one witness' account of the murders because "there was *no* other evidence, physical or otherwise, that connected [Burbank] to the crime." *Id.* at 358 (emphasis in original).

Here, there was overwhelmingly more testimony connecting Petitioner to drug trafficking activity. As Petitioner notes, *eleven witnesses* convinced a jury that Petitioner was a drug trafficker. ECF No. 19 at 4. While Petitioner offers these witnesses were a "bunch of admitted criminals," *id.*, the alleged error affected the cross examination of *seven* witnesses. As the Court of Appeals noted, "numerous co-defendants [] testified regarding their reduced sentences, the mandatory minimum sentences or the sentencing ranges of their original charges compared to their plea recommendations, and the substantially greater sentences they would have faced." ECF No. 9-3 at 1097. For example, defense counsel concluded one cross-examination with the following exchange:

> Q:   Right, and here, sittin' here today you just said you gotta do what's right for you, right?
> A:   Yes.
> Q:   You're gonna do the best thing for yourself, right, because you don't wanna be 25-years-old and lookin' at a lotta time, right?
> A:   Correct.
> Q:   So you were lookin' at a lotta time before you entered in a plea agreement before you testified, right?
> A:   Yes.
> Q:   And walkin' outta here today, based on what you think is your cooperation, you're looking at 3 to 6 years, is that right?
> A:   That's a possibility, yes.
> Q:   It's a pretty good deal, isn't it?
> A:   Yes, it is.

> Q: Alright, thank you, no further questions.

ECF No. 9-2 at 13. Thus, while the specific maximum sentence avoided was not adduced, the record does not reveal the unusual circumstances warranting relief in *Burbank*. *Cf. United States v. Cropp*, 127 F.3d 354, 359 (4th Cir. 1997) (affirming a district court's limitation of cross-examination where defendants were "unable to explain why questions about exact sentences feared and sentences hoped for were *necessary* when the jury was already well aware that the witnesses were cooperators facing severe penalties if they did not provide the government with incriminating information" and further explaining "[a]gainst whatever slight additional margin of probative information gained by quantitative questions, we must weigh the certain prejudice that would result from a sympathetic jury when it learns that its verdict of guilty will result in sentences of ten and twenty years in prison" (emphasis in original)). The volume of testimony linking Petitioner to the conspiracy, along with the permitted topics of cross-examination explored by defense counsel, assuage any reasonable concern that the trial court's evidentiary ruling resulted in actual prejudice.

## II.     Ground Four

Petitioner next argues that his sentence exceeded the statutory maximum, such that his Sixth Amendment rights were violated by counsel's failure to object.

Petitioner's twenty-five-year sentence was imposed under S.C. Code Ann. § 44-53-375(c)(5). The face of this statute expressly criminalizes conspiracy, among other inchoate and completed offenses, related to trafficking in methamphetamine and cocaine base. The mandatory minimum sentence for a drug weight exceeding 400 grams—regardless of the type of offense—is twenty-five years. *Id.* Petitioner was so convicted and sentenced to the mandatory minimum under the statute. ECF No. 9-2 at 260.

Because he was indicted and convicted of conspiracy only, however, he argues his sentence exceeded the maximum allowable sentence under S.C. Code Ann. § 44-53-420:

> (A) Except as provided in subsection (B), a person who attempts or *conspires* to commit an offense made unlawful by the provisions of this article, upon conviction, be fined or imprisoned in the same manner as for the offense planned or attempted; *but the fine or imprisonment shall not exceed one half of the punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy*.

*Id.* (emphasis added). Although the text of § 44-53-375(c) both criminalizes conspiracy and provides for a mandatory minimum sentence of twenty-five years, Petitioner submits that § 44-53-420 modifies its sentencing scheme.

The PCR court found this argument "patently without merit, as Applicant's sentence of twenty-five years' imprisonment is the mandatory minimum sentence he could have received upon conviction" under § 44-53-375(c)(5). The magistrate judge's report further cites *State v. Castineira*, 535 S.E.2d 449, 452 (S.C. Ct. App. 2000), *aff'd*, 572 S.E.2d 263 (2002) and *State v. Harris*, 572 S.E.2d 267, 270 (S.C. 2002), in which the South Carolina courts have explicitly held that § 44-53-420 does not modify the sentencing scheme of § 44–53–370(e), which also criminalizes conspiracy within the section.

Nevertheless, Petitioner claims there is an unanswered question here, and suggests that the South Carolina Supreme Court has not spoken on the issue because § 44-53-370(e), unlike § 44-53-375, disclaims the applicability of § 44-53-420. A state court has already ruled on this specific question, and this court does not have the authority to tell a state court how to interpret state law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Further, the court notes that the South Carolina Supreme Court has squarely settled this issue: "as defined in [§ 44–53–370(e)(2)], there is no distinction between conspiracy to traffic and the substantive offense of trafficking . .

7

. . The legislature clearly intended that conspiracy to traffick be treated as trafficking under § 44–53–370(e)." *State v. Harris*, 351 S.C. 643, 647, 572 S.E.2d 267, 270 (S.C. 2002) (quoting *Harris v. State*, 562 S.E.2d 311, 312 (S.C. 2002)).

In the context of § 44-53-375, it is likewise clear that the legislature intended to punish conspiracy in the same manner as all other offenses enumerated in the section, and the court agrees Petitioner's argument is without merit. The court is disinclined to revert Petitioner's claim back to the South Carolina Supreme Court when it has already answered his question by necessary implication.

### III. Other Objections

Finally, Petitioner states that "[a]s to any objections concerning other [grounds for relief], Petitioner would rely on the arguments raised in his Memorandum in Opposition to Respondent's Motion for Summary Judgment." ECF No 23 at 4.

Such an objection is improper. Rule 72 of the Federal Rules of Civil Procedure requires specificity in a party's objections. Fed. R. Civ. P. 72(b)(2). Thus, to trigger de novo review of a particular issue, an objecting party "must object to the finding or recommendation *on that issue* with sufficient specificity so as reasonably to alert the district court of the *true ground* for the objection." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)) (emphasis added). A district court is under no obligation to "relitigate entire cases to determine the basis of a litigant's objection" to a report and recommendation. *Id.* Thus, where a litigant lodges only a general objection to a report and recommendation, the district court reviews only for clear error. *Id.* (citing *Diamond v. Colonial Life & Accident Co.*, 416 F.3d 310, 315 (4th Cir. 2005)).

The Fourth Circuit has made clear that the bar for de novo review is low. *Weaver v. United States Postal Serv.*, No. 21-1157, 2024 WL 94298, at *2 (4th Cir. Jan. 9, 2024). In *Elijah*, the court reemphasized the rule of *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017): arguments need *not* be novel in order to be specific, and district courts must conduct de novo review so long as the objections reasonably alert the court to the true ground of an objection to a report. *Elijah*, 66 F.4th at 460 n.4. At the same time, the Fourth Circuit has remained clear that an objection must be specific, and stating only "I object" is inadequate. *Weaver*, 2024 WL 94298, at *2 (quoting *Elijah*, 460 F.4th at 460). And that is precisely what *generalized reliance* on a summary judgment filing states. Had counsel, after the adverse report and recommendation, filed the statement, "I object," the court would naturally assume Petitioner maintained the validity of his previous arguments raised in opposition to summary judgment. The magistrate judge carefully considered each of those arguments and, after thorough analysis, found them wanting. And there cannot be a more generalized objection to a report than to say the report, in its entirety, got its analysis of all prior arguments wrong. The court finds Petitioner's general reliance on his arguments in his earlier brief is akin to stating, "I object."[2]  Accordingly, the court declines to relitigate the remainder of the case to determine the basis of Petitioner's objection. *Elijah*, 66 F.4th 454.

Notwithstanding the foregoing, were the court to conduct a de novo review, it would reach the same result obtained by the magistrate judge.

---

[2] Of note, unlike the *pro se* objections at issue in *Weaver*, *Martin*, *Elijah*, and even *Abou-Hussein*, Petitioner here is represented by counsel, and the court need not liberally construe specificity into his objections as the courts were required to do in each of those cases.

## CONCLUSION

For the foregoing reasons, Petitioner's objections are overruled, and the magistrate judge's report, ECF No. 20, is **ADOPTED** in its entirety. Accordingly, Respondent's motion for summary judgment, ECF No. 10, is **GRANTED**, and the petition is **DISMISSED with prejudice**. A certificate of appealability is **DENIED**.[3] Petitioner's motion to certify a question to the South Carolina Supreme Court, ECF No. 27, is **DENIED**.

**IT IS SO ORDERED.**

March 13, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."